MATTER OF G——

In DEPORTATION Proceedings

A-10808945

*Decided by Board May 6, 1959*

**Crime involving moral turpitude—18 U.S.C. 1001—False writings in matter in which U.S. is involved—Does not involve moral turpitude.**

Moral turpitude will not be found in the offense defined by the second part of 18 U.S.C. 1001 (making false writings in a matter involving the United States) while the conflict among Circuits remains unresolved as to whether materiality is essential to support a conviction.

CHARGE:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Convicted of crime involving moral turpitude committed within five years after entry and sentenced to confinement for a year or more—Conspiracy to make and use false writings.

**BEFORE THE BOARD**

**Discussion:** The Assistant Commissioner, Investigations, requests that this Board reconsider its order of February 10, 1959, which held that respondent was not deportable on the charge stated above. The facts are fully set forth in previous orders. The issue is whether moral turpitude is involved in a conviction under the second part of 18 U.S.C. 1001 which, in brief, concerns the making of false writings knowing them to contain false statements in a matter in which the United States is involved.

In similar laws, even as to statements made under oath, moral turpitude is not found unless materiality is an element (*Matter of S——*, 2 I. & N. Dec. 353, 361, footnote 15; *Matter of G——*, 1 I. & N. Dec. 73). Section 1001 does not require that the statement involved be under oath, and there is a "sharp conflict" between circuits as to whether materiality is required (*United States* v. *Quirk*, 167 F. Supp. 462, 464 (E.D. Pa., 1958)). (The cases supporting the different positions are listed in footnote 3 on page 464 of *Quirk*. Four circuits require materiality (4th, 5th, and 6th); the Second and Third Circuits hold that materiality is not an element.)

The conviction in the instant case occurred in the Fifth Circuit where materiality is required to obtain a conviction under the second

315

part of section 1001. The Service is of the opinion that since materiality is an element of the conviction involved here, we must rule that moral turpitude is involved. As far as the immigration laws go, it is immaterial that conduct of the respondent may have involved moral turpitude, if the law under which he was convicted does not inherently involve moral turpitude (*Matter of S——, supra,* pp. 360–362). So, it is with the law itself, not the respondent's conduct, that we are concerned. Without materiality, we cannot find that the law involves moral turpitude. There is a conflict in the jurisdiction as to whether materiality is involved. A substantial doubt exists as to whether the law does require materiality. Such a doubt will exist until the matter is clarified by either the Supreme Court or by legislation. Doubt must be resolved in favor of the alien. Until clarification comes, we cannot hold that the Service has borne its burden of establishing that the alien has been convicted of a crime involving moral turpitude.

Moreover, let us see where the Service view will lead. We shall assume for the purpose of this discussion that moral turpitude is involved if the law requires materiality. If the conviction occurs in a jurisdiction requiring materiality, the alien will be deportable. What should be done as to a person who had been convicted in the jurisdiction where materiality is not required? Could it be held that such a person has been convicted of a crime involving moral turpitude? We think not. In the court where he was convicted materiality is not an element; it need not be alleged nor proven. This person has been convicted under a law which does not inherently involve moral turpitude. We would be required to find that he was not deportable. Then we would be faced with the situation that persons convicted of identical offenses under identical laws would be deportable if convicted in one jurisdiction but not deportable if convicted in another jurisdiction. This cannot be. A Federal law must be given a uniform interpretation for immigration purposes. Until the conflict is resolved, the law can be interpreted uniformly only by holding that a person convicted under the portion with which we are concerned has not been convicted of a crime involving moral turpitude.

**Order:** It is ordered that the motion be and the same is hereby denied.